IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DOUGLAS M JACKSON, SR,**

**Plaintiff,**
v.                                                              CASE NO. 4:06-cv-00317-RH-AK

**JEB BUSH, et al,**

**Defendants.**
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon receipt of Plaintiff's complaint and motion to proceed *in forma pauperis*. (Docs. 1 and 2). Plaintiff Douglas M. Jackson, Sr., is on the Court's three strike list pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and an abusive filer in the federal court system. See Exhibits A and B. These attached lists of cases filed do not include cases filed in the Southern District of Florida, which is not available online yet. He has had more than three cases dismissed as frivolous in the Northern District of Florida alone. See Nos. 4:96CV138, 4:97CV58, 4:98CV26, 4:99CV226. Even more cases have been dismissed for failure to state a claim. See *infra*. These are just the most *recent* cases decided in this district.

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical

injury." 28 U.S.C. § 1915(g). Plaintiff makes the allegation that he is in "imminent danger of further physical harm," based on his claims that Governor Bush is preventing him from practicing his Jewish faith; that he has been in "all kinds" of imminent danger; and that he has suffered numerous, unspecified inhumane conditions of confinement. Curiously, despite his allegation that Jeb Bush and his "FDOC agents" have since 1997 tried to shut him up and prevent him from filing lawsuits, he has from 1998 through the present date filed in this district and the Middle District over **26** lawsuits. Even assuming that these threats have occurred, they have obviously been hollow. Plaintiff has been anything but silenced by the actions of the DOC.

In *at least* this case and three other more recent ones filed in this district, Plaintiff has used the terminology "imminent danger" rather loosely and based his fears on a litany of threats, none of which were found to state any claim for relief. See Jackson v. Bush, Case No. 3:06cv133-MCR/EMT; Jackson v. Singer, 1:05CV155-MMP/AK. The allegations Plaintiff makes in the present complaint against Defendants Logan, Corvet, Humphries, Roberts, Cloud, and Colon at Jefferson Correctional Institution are generally the same as he made against corrections officers at Walton Correctional Institution (No. 3:06CV133-MCR/EMT) and against Warden Singer at Columbia Correctional Institution (No. 1:05CV155-MMP/AK). Generally, he alleges that corrections officers at the various institutions visit Plaintiff soon after his transfer and tell him to stop filing grievances and lawsuits or harm will come to him. As the undersigned noted in Case No. 1:05CV155, after these alleged threats Plaintiff filed **311** more grievances. Obviously, Plaintiff was not too concerned that Warden Singer and his minions planned on actually carrying out their

threats. Plaintiff also has pending another lawsuit against a corrections officer for denying him xerox copies, reading his legal mail, and other First Amendment violations, which he has turned into a situation of imminent danger by tacking on allegations that the officer also threatened him with abuse. Jackson v. Hamedani, Case No. 4:06CV363-RH/AK.[1] Plaintiff has also begun using imminent danger allegations to justify not exhausting his claims on grounds that he has been threatened for using the grievance system. Such an allegation does not excuse the requirement of exhaustion, it is mandatory. See Jackson v. Bush, Case No. 3:06CV133-MCR/EMT, *citing* Booth v. Churner, 532 U.S. 731 (2001) and Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998).

Leave to proceed *in forma pauperis* is a privilege, not a right. Reshard v. Britt, 819 F.2d 1573, 1580 (11th Cir. 1987). Plaintiff has clearly abused this privilege and should not be permitted to proceed *in forma pauperis* in this case by simply reciting the "magic" words. The Eleventh Circuit in examining this issue found that recitation of the words alone was insufficient and held in Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999), that a prisoner's allegation that he faced imminent danger some time in the past was not enough to allow him to proceed *in forma pauperis*, the danger must be present at the time he filed his complaint. Arguably an ongoing threat of danger could be deemed to exist from the date the alleged threats were made (June 30, 2006) through the date the complaint was filed (July 12, 2006). However, the undersigned finds that in this instance based on the particular history of this litigant the Court should examine more than the time frame of the allegations raised, but should also examine the substance of the claims in determining

---

[1] A separate Report and Recommendation will be entered in that case also recommending that the motion for ifp be denied.

whether the danger is not only imminent, but serious. The extreme number of lawsuits filed by this particular litigant is persuasive evidence that he himself does not take the threats against him seriously. His most recent complaints recite the same theme, i.e. that corrections officers at each institution he is transferred to tells him to stop filing grievances and lawsuits or else serious harm is going to come to him. Despite these threats, Plaintiff has filed more lawsuits and yet in none of the lawsuits cited *supra* has he come forward with any actual injuries or described any incidents of actual use of force.

The case law is clear that a mere threat of assault is insufficient to state a cause of action under 42 U.S. C. §1983. See Keenan v. Hall, 83 F3d 1083, 1092 (9th Cir. 1996) (assaultive comments by prison guard not enough to implicate the Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in deprivation of protected liberty interest); Siglar v. Hightower, 112 F.3d 191, 193 (5 Cir. 1997) (verbal abuse not cognizable under 1983); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (same), *cert. denied*, 485 U.S. 982 (1988) (same).

Cases where threats have been found actionable always include some conduct supporting the credibility of the threats. See Northington v. Jackson, 973 F.2d 1518, 1522 (10th Cir. 1992); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983); Hudspeth v. Figgins, 584 F.2d 1345 (4th Cir. 1978).

Therefore, in accordance with 28 U.S.C. § 1915(g), it is the recommendation of the undersigned that Plaintiff should be barred from bringing this action in federal court without

full pre-payment of the filing fee.  Section 1915(g) does not bar Plaintiff from filing civil actions; it merely prohibits him from enjoying *in forma pauperis* status.  Plaintiff "still has the right to file suits if he pays the full filing fees in advance, just like everyone else." Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997); *see also*, Lyon v. Krol, 127 F.3d 763, 765 (8th Cir. 1997); Hains v. Washington, 131 F.3d 1248, 1250 (7th Cir. 1997); Newlin v. Helman, 123 F.3d 429, 434-36 (7th Cir. 1997).  Accordingly, it is **RECOMMENDED**,

  1. That the motion for leave to proceed in forma pauperis (doc. 2) be **DENIED**.

  2. That Plaintiff should be given a specific period of time to pay the court's $350.00 filing fee to proceed in this case or this cause should be **DISMISSED**.

**IN CHAMBERS** at Gainesville, Florida, this ___ day of August, 2006.

_____
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

## Select A Case

**This person is a party in 20 cases.**

| | | |
|---|---|---|
| 1:05-cv-00155-MP-AK | JACKSON v. SINGER | filed 09/13/05 |
| 3:06-cv-00133-MCR-EMT | JACKSON v. BUSH et al | filed 03/29/06  closed 08/09/06 |
| 4:01-cv-00205-RH | JACKSON v. FL DEPT CORRECTIONS, et al | filed 06/04/01  closed 10/09/01 |
| 4:01-cv-00240-SPM | JACKSON v. MOORE | filed 06/14/01  closed 09/25/01 |
| 4:01-cv-00262-SPM | JACKSON v. DEPT OF CORRECTIONS, et al | filed 06/20/01  closed 09/10/01 |
| 4:01-cv-00344-RH | JACKSON v. MOORE, et al | filed 07/27/01  closed 12/14/01 |
| 4:01-cv-00354-WS | JACKSON v. MOORE | filed 08/03/01  closed 10/19/01 |
| 4:90-cv-40165-MP | JACKSON, et al v. CHILES, et al | filed 02/26/92  closed 09/12/94 |
| 4:92-cv-40029-MP | JACKSON, et al v. SINGLETARY, et al | filed 03/09/92  closed 08/12/93 |
| 4:92-cv-40284-WS-WCS | JACKSON v. BROWNER, et al | filed 10/30/92  closed 10/30/92 |
| 4:95-cv-40230-MP | JACKSON v. STATE OF FLORIDA, et al | filed 05/23/95  closed 05/20/96 |
| 4:95-cv-40533-RH | JACKSON v. SINGLETARY, et al | filed 12/28/95  closed 01/14/97 |
| 4:96-cv-00138-WS | JACKSON v. SINGLETARY | filed 03/21/96  closed 09/10/97 |
| 4:97-cv-00033-RH | JACKSON v. SINGLETARY, et al | filed 01/31/97  closed 04/14/97 |



| | | | |
|---|---|---|---|
| 4:97-cv-00058-RH | JACKSON v. FL DEPT CORRECTIONS, et al | filed 02/21/97 | closed 06/11/97 |
| 4:98-cv-00026-WS | JACKSON v. SINGLETARY | filed 01/22/98 | closed 05/20/98 |
| 4:98-cv-00202-RH | JACKSON v. SINGLETARY | filed 06/10/98 | closed 04/05/99 |
| 4:99-cv-00226-WS | JACKSON v. MOORE | filed 06/14/99 | closed 07/08/99 |
| 4:99-cv-00356-WS | JACKSON v. MOORE | filed 09/14/99 | closed 11/10/99 |
| 5:02-cv-00122-MP | JACKSON v. FL DEPT CORRECTIONS, et al | filed 03/25/02 | closed 07/11/02 |

# Select A Case

**This person is a party in 2 cases.**

4:06-cv-00317-RH-AK   JACKSON v. BUSH et al   filed 07/10/06

4:06-cv-00363-RH-AK   JACKSON v HAMEDANI   filed 08/02/06

# Select A Case

**This person is a party in 67 cases.**

| Case | Title | Filed | Closed |
|---|---|---|---|
| 3:00-cv-00026-HLA | Jackson, et al v. Bush, et al | filed 01/07/00 | closed 09/25/01 |
| 3:05-cv-00229-UA-HTS | Jackson et al v. Secretary, Department of Corrections et al | filed 03/15/05 | closed 09/09/05 |
| 3:05-cv-00259-HLA-MCR | Jackson v. Sapp et al | filed 03/24/05 | closed 03/24/05 |
| 3:05-cv-00286-HLA-HTS | Jackson v. Sapp et al | filed 04/01/05 | closed 04/04/05 |
| 3:71-cv-00144-RWN | Hooks, et al v. Moore, et al | filed 05/04/72 | closed 12/08/00 |
| 3:86-cv-01109-JHM | Jackson v. Dugger, et al | filed 12/18/86 | closed 05/17/88 |
| 3:87-cv-00385-SHB | Jackson v. Barton, et al | filed 05/13/87 | closed 05/27/88 |
| 3:87-cv-00713-JHM | Jackson v. Dugger, et al | filed 08/31/87 | closed 02/23/90 |
| 3:88-cv-00343-JHM | Jackson v. Barton, et al | filed 05/02/88 | closed 05/30/90 |
| 3:88-cv-00802-SHB | Jackson v. Coler, et al | filed 09/28/88 | closed 11/03/88 |
| 3:89-cv-00965-SHB | Jackson v. Dugger, et al | filed 12/08/89 | closed 11/04/91 |
| 3:89-cv-00972-SHB | Jackson v. Dugger, et al | filed 12/11/89 | closed 05/07/91 |
| 3:89-cv-00977-WTH | Jackson, et al v. Coler, et al | filed 12/12/89 | closed 01/14/92 |
| 3:89-cv-00996-SHB | Jackson, et al v. Martinez, et al | filed 12/20/89 | closed 06/25/91 |



| Case | Caption | Filed | Closed |
|---|---|---|---|
| 3:89-cv-00997-JHM | Jackson, et al v. Dugger, et al | filed 12/20/89 | closed 10/17/91 |
| 3:90-cv-00643-JHM | Jackson v. Cerdan | filed 07/19/90 | closed 06/19/91 |
| 3:90-cv-00662-HES | Jackson v. McCray | filed 07/25/90 | closed 11/30/92 |
| 3:90-cv-00821-HES | Jackson, et al v. Dugger, et al | filed 09/21/90 | closed 12/03/92 |
| 3:90-cv-00930-SHB | Jackson, et al v. Dugger, et al | filed 10/12/90 | closed 10/25/91 |
| 3:90-cv-00992-SHB | Jackson v. Cerdan, et al | filed 10/30/90 | closed 06/25/91 |
| 3:90-cv-01024-WTH | Jackson, et al v. Henderson, et al | filed 11/13/90 | closed 06/24/93 |
| 3:91-cv-00194-SHB | Jackson v. Fla. DOC, et al | filed 03/14/91 | closed 05/20/91 |
| 3:91-cv-00195-WTH | Jackson v. Dugger | filed 03/13/91 | closed 05/01/91 |
| 3:91-cv-00243-JHM | Jackson v. Christy, et al | filed 04/03/91 | closed 04/29/91 |
| 3:91-cv-00245-WTH | Jackson v. King, et al | filed 04/03/91 | closed 07/11/91 |
| 3:91-cv-00286-SHB | Jackson v. Dugger, et al | filed 04/17/91 | closed 05/03/91 |
| 3:91-cv-00354-WTH | Jackson, et al v. Singletary, et al | filed 05/10/91 | closed 06/25/91 |
| 3:91-cv-00355-JHM | Jackson, et al v. Singletary, et al | filed 05/10/91 | closed 05/17/91 |
| 3:91-cv-00356-HES | Jackson, et al v. Singletary, et al | filed 05/10/91 | closed 10/13/92 |
| 3:91-cv-00970-WTH | Robinson, et al v. Chiles, et al | filed 11/08/91 | closed 02/09/94 |

| | | | |
|---|---|---|---|
| 3:92-cv-00072-JHM | Jackson v. Bennett, et al | filed 01/17/92 | closed 07/28/95 |
| 3:92-cv-00073-HES | Jackson v. Dept. of Corrections, et al | filed 01/17/92 | closed 08/23/93 |
| 3:92-cv-00107-JHM | Jackson v. Christy | filed 01/30/92 | closed 02/01/93 |
| 3:92-cv-00125-HES | Jackson v. Thornton, et al | filed 02/05/92 | closed 07/12/93 |
| 3:92-cv-00305-HES | Jackson v. Florida DOC, et al | filed 03/26/92 | closed 06/30/93 |
| 3:92-cv-00422-HES | Jackson, et al v. Fla. Dept. of Corr., et al | filed 05/05/92 | closed 09/29/92 |
| 3:92-cv-00466-JHM | Jackson v. Cerdan, et al | filed 05/22/92 | closed 01/11/93 |
| 3:92-cv-00497-HES | Jackson, et al v. Giebeig | filed 05/29/92 | closed 04/27/93 |
| 3:92-cv-00723-HES | Jackson v. Bennett | filed 07/31/92 | closed 06/30/95 |
| 3:92-cv-00724-JHM | Jackson v. Edenfield, et al | filed 07/31/92 | closed 12/07/92 |
| 3:93-cv-00145-WTH | Jackson v. Martinez, et al | filed 02/05/93 | closed 02/23/93 |
| 3:93-cv-00718-WTH | Jackson v. Perrin, et al | filed 05/19/93 | closed 08/03/94 |
| 3:93-cv-01189-JHM | Jackson, et al v. State of Florida, et al | filed 08/18/93 | closed 02/06/95 |
| 3:94-cv-00919-HES | Jackson v. Chiles, et al | filed 09/20/94 | closed 07/18/95 |
| 3:95-cv-01096-JHM | Jackson v. Cobb | filed 11/06/95 | closed 11/14/95 |
| 3:95-cv-01249-UA | Jackson v. Selyutin, et al | filed 12/22/95 | closed 12/29/95 |

| Case Number | Case Name | Filed | Closed |
|---|---|---|---|
| 3:95-cv-01250-HES | Jackson v. Florida DOC, et al | filed 12/22/95 | closed 04/17/96 |
| 3:95-cv-01251-HES | Jackson v. Cobb | filed 12/22/95 | closed 04/18/96 |
| 3:96-cv-00097-HES | Jackson v. State of Florida, et al | filed 01/29/96 | closed 03/12/96 |
| 3:96-cv-00173-WTH | Jackson v. Bennett | filed 02/14/96 | closed 02/21/96 |
| 3:96-cv-00174-UA | Jackson v. Dunmore | filed 02/14/96 | closed 05/03/96 |
| 3:96-cv-00219-UA | Jackson v. Bennett | filed 02/26/96 | closed 04/25/96 |
| 3:97-cv-00122-WTH | Jackson v. State of Florida, et al | filed 05/24/96 | closed 02/26/97 |
| 3:97-cv-00168-HES | Jackson v. Crews | filed 02/24/97 | closed 02/28/97 |
| 3:97-cv-00391-RWN-T_C | Jackson v. Singletary, et al | filed 04/17/97 | closed 11/28/97 |
| 3:97-cv-00516-HES | Jackson v. Crews | filed 05/01/97 | closed 05/07/97 |
| 3:99-cv-00451-WTH | Jackson, et al v. Moore, et al | filed 05/10/99 | closed 05/21/99 |
| 3:99-cv-00684-RWN | Jackson v. Moore | filed 07/08/99 | closed 08/05/99 |
| 3:99-cv-00835-RWN | Jackson v. Moore, et al | filed 08/17/99 | closed 08/19/99 |
| 3:99-cv-00892-HES | Jackson v. Moore, et al | filed 09/02/99 | closed 11/12/99 |
| 3:99-cv-00933-RWN-HTS | Jackson v. Moore, et al | filed 09/13/99 | closed 01/03/00 |

| | | | |
|---|---|---|---|
| 3:99-cv-00994-RWN | Jackson v. Moore, et al | filed 10/04/99 | closed 07/11/00 |
| 3:99-cv-01132-HES | Jackson v. Moore, et al | filed 11/15/99 | closed 11/19/99 |
| 6:00-cv-01048-ACC | Jackson v. McAndrew | filed 08/11/00 | closed 11/28/00 |
| 6:93-cv-00684-PCF | Jackson, et al v. State of Florida, et al | filed 08/18/93 | closed 08/19/93 |
| 6:96-cv-00119-GKS | Jackson v. Volusia County Jail, et al | filed 02/01/96 | closed 04/15/96 |
| 8:96-cv-01010-EAK | Jackson v. State of Florida, et al | filed 05/24/96 | closed 02/12/97 |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/24/2006 13:22:46 | | | |
| PACER Login: | us5704 | Client Code: | |
| Description: | Search | Search Criteria: | Last Name: Jackson First Name: Douglas |
| Billable Pages: | 3 | Cost: | 0.24 |